UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-165(35)(JRT/LIB)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

(35) LUCAS JOHN PETERSON,

    Defendant.

**GOVERNMENT'S POSITION WITH RESPECT TO SENTENCING**

The United States of America, by and through its attorneys, Gregory G. Brooker, Acting United States Attorney for the District of Minnesota, and Deidre Y. Aanstad, Assistant United States Attorney, hereby submits its position with respect to sentencing of defendant Lucas John Peterson. For the reasons set forth below, the government respectfully requests that the Court impose a sentence of 120 months of imprisonment followed by a term of supervised release.

## INTRODUCTION

On May 20, 2015, a 12-count Indictment was returned by a grand jury sitting in the District of Minnesota charging the defendant and 40 other individuals with conspiracy to distribute heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone, to the communities in and surrounding the Red Lake and White Earth Indian Reservations in the District of Minnesota and Native American communities elsewhere. (District Court Docket ("DCD") 1.) The defendant was arrested for the offense on May

27, 2015. Subsequently, on October 26, 2016, the defendant entered a plea guilty based on his role in the conspiracy as alleged in Count 1 of the Indictment.

I.     Offense Conduct

During the spring and summer of 2014, law enforcement began investigating the drug trafficking activities of Omar Sharif Beasley. According to information provided by community members as well as investigation, law enforcement was aware that Beasley was distributing large quantities of heroin in and around the Red Lake Indian Reservation and the White Earth Indian Reservation in the District of Minnesota. Further, Beasley was using local community members to assist him in the distribution of controlled substances. A break in the investigation came on October 3, 2014, when law enforcement from the Red Lake Police Department executed a warrant at a residence on the Red Lake Indian Reservation. Inside the residence, officers located several charged co-conspirators and approximately 1300 grams of heroin. All the individuals located inside the home were arrested on tribal or state charges.

After this seizure, the investigation into the drug trafficking of Omar Sharif Beasley was advanced through various means including utilizing confidential informants, making controlled purchases, conducting physical surveillance, and initiating interception of wire communications on the phones utilized by Beasley during March and April 2015. The defendant's name began to surface in the investigation early on through numerous uncharged and charged co-conspirator interviews with law enforcement. Between January 2015 and April 2015, law enforcement conducted numerous controlled purchases with the

defendant. Information gleaned during those controlled purchases confirmed the defendant's relationship with Omar Beasley and his Drug Trafficking Organization ("DTO"). Finally, law enforcement intercepted the defendant on a multitude of wire calls with Beasley in March and April 2015.

During the time of the investigation, law enforcement learned that from approximately August 2014 through April 2015 the defendant was a main distributor for the Beasley DTO on the White Earth Indian Reservation. Based on the defendant's admissions at his change of plea hearing before the Court, the defendant distributed between one and three kilograms of heroin August 2014 through April 2015 for the Beasley DTO.

II.  Prior Criminal History

As outlined in the Presentence Report prepared in this matter, the defendant has a significant criminal history despite his young age of 28. The defendant has been arrested for and convicted of numerous drug and alcohol related offenses as well as a violent crime. Outlined below are the defendant's prior convictions that lead to a Criminal History Category of VI:

| Date | Offense | Sentence |
| --- | --- | --- |
| 9/29/2009 | Felony Fifth Degree Drugs – Possession (Becker County, MN) | 12 months and 1 day imprisonment (sentence executed during the course of three probation violations) |
| 5/26/2009 | Misdemeanor Driving While Impaired (Becker County, Minnesota) | 90 days jail (executed after a probation violation and multiple review hearings) |

| 1/26/2011 | Felony First Degree Burglary (Becker County, Minnesota) | 58 months of imprisonment stayed for 20 years (two violations – one of which is pending) |
| 1/26/2011 | Gross Misdemeanor Driving While Impaired (Becker County, Minnesota) | 210 days jail |
| 11/28/2012 | Misdemeanor Disorderly Conduct (Becker County, Minnesota) | 90 days jail |

## SENTENCING GUIDELINES CALCULATION

The district court should begin sentencing proceedings by correctly calculating the applicable Guidelines range. *Gall v. United States*, 552 U.S. 38, 49 (2007). In this matter, the defendant pled guilty to Conspiracy to Distribute 1 kilogram or more of heroin. This offense carries a mandatory minimum sentence of 120 months' imprisonment. In addition to this mandatory minimum sentence, the Sentencing Guidelines are applicable. The PSR correctly determined that the base offense level for distributing 1 to 3 kilograms of heroin is 30. (PSR ¶ 121.) Further, the PSR correctly determined that the base offense level should be increased by 2 levels. (PSR ¶ 122.)

With regard to his role, the PSR assessed an adjustment for the defendant's management role in the offense. (PSR ¶ 127.) This role adjustment was not included in the parties' plea agreement and sentencing stipulations. Therefore, regardless of the accuracy or appropriateness of the adjustment, the government must object to its inclusion based on the government's agreements made in the plea agreement.

Moving on to the remaining calculations, the PSR appropriately determined that the defendant is entitled to a 3-level adjustment for acceptance of responsibility. (PSR ¶¶ 131

and 132.) The PSR correctly concluded that the defendant's criminal history category is VI. (PSR ¶ 149.)

Based on the Probation Office's guidelines calculations, the PSR concluded that the defendant's Guidelines range for Conspiracy to Distribute Heroin is 210 to 262 months of imprisonment. (PSR ¶ 178.) To abide by the terms of the plea agreement, the government respectfully requests that the Court modify the guidelines calculations and Guidelines range to exclude the 3-level adjustment for the defendant's role in the offense. Accordingly, the Guidelines range would be 151 to 188 months of imprisonment.

Moreover, for the reasons outlined in the next section, the government respectfully requests that the Court impose a sentence of 120 months' imprisonment for conspiracy to distribute between 1 and 3 kilograms of heroin.

### SECTION 3553(a) SENTENCING FACTORS

In determining a sentence sufficient, but not greater than necessary, to accomplish the federal sentencing goals outlined in 18 U.S.C. § 3553, a Court must examine multiple factors including the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, (b) to afford adequate deterrence to criminal conduct, (c) to protect the public from further crimes of the defendant, and (d) to provide the defendant with needed educational and vocational training, medical care or other correctional treatment in the most effective manner; and the need to avoid unwarranted sentencing disparities. *See* 18

U.S.C. § 3553(a).  In this case, considering all of the sentencing factors, the government respectfully submits that a sentence of 120 months' imprisonment is appropriate for the defendant.  Such a sentence would be sufficient, but not greater than necessary, to accomplish the federal sentencing goals in this case.

I.      Nature and Circumstances of the Offense

Here, the defendant admitted his role in the distribution of heroin on the White Earth Indian Reservation for approximately a year between April 2014 and April 2015.  The defendant admitted that he distributed more than 1 kilogram of heroin in that year.  Based on law enforcement investigation, the defendant was Beasley's main heroin distributor on the White Earth Indian Reservation.  Although an addict himself, the defendant distributed a significant quantity of heroin to other mothers, fathers, friends, and family members on his own reservation.  The defendant's actions did not only affect his own health and well-being.  Rather, the defendant contributed to a significant heroin and opiate epidemic on the White Earth Indian Reservation.

Based upon the nature and circumstances of the offense, no mitigation from the calculated Sentencing Guidelines range is warranted.  The defendant took on the role as the primary distributor of heroin for the Beasley DTO on the White Earth Indian Reservation.

II.     History and Characteristics of the Defendant

As outlined in the PSR, the defendant led a difficult life in the communities on and surrounding the White Earth Indian Reservation.  The defendant turned to drugs and

alcohol at a young age despite support from his adoptive mother. The defendant fell off track in his early adulthood and could not seem to right his path. The defendant began to amass numerous convictions for offenses that involved drugs and alcohol or were fueled by drugs and alcohol. The defendant violated any probationary sentence that he received. The defendant remained in a life of crime – distributing heroin to community members – despite a family of his own to raise.

Although the defendant's upbringing and criminal history may reflect the need for a lesser sentence, the defendant's prior criminal history mitigates against a lesser sentence.

III.   A Fair and Just Sentence

In evaluating what is a sufficient, but not greater than necessary, sentence, the Court must examine several societal factors in addition to the specific factors surrounding the offense and the defendant. Namely, the Court must impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. Further, the Court must impose a sentence that affords adequate general and specific deterrence to criminal conduct. Finally, the Court must impose a sentence that is commensurate with the defendant's coconspirators that are similarly situated. Here, a sentence of 120 months' imprisonment balances all these societal and personal factors.

Although the defendant had his own struggles with addiction, the defendant enabled and contributed to the epidemic of heroin and substance abuse on the White Earth Indian Reservation. There is no secret about the struggles that Native Americans face with addictions. The defendant himself admits the chemical dependency struggles that he faces.

There is no secret about the outside influences that bring drugs to the reservation and impact individual community members and the community as a whole. These outside influences would not be successful if it were not for community members like the defendant. The defendant chose not to be just a user, but a primary distributor of heroin that poisoned his the White Earth community and surrounding area. To promote respect for the law and reflect the seriousness of the offense, the defendant must be punished for his actions. Further, there must be an adequate sentence in hopes of deterring others from becoming those connections that allow an entire community to be impacted.

After reviewing all the factors set forth in 18 U.S.C. § 3553(a), a sentence of 120 months' imprisonment is a sufficient, but not greater than necessary, sentence.

## **CONCLUSION**

The government respectfully requests that the Court impose a sentence of 120 months' imprisonment. This sentence is reasonable as guided by the factors outlined in 18 U.S.C. § 3553(a).

Dated: April 27, 2017                              Respectfully Submitted,

                                                                        GREGORY G. BROOKER
                                                                        Acting United States Attorney

                                                                        *s/Deidre Y. Aanstad*

                                                                        BY: DEIDRE Y. AANSTAD
                                                                        Assistant U.S. Attorney
                                                                        Attorney ID No. 0331788